UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEOVANNE COLON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-CV-12322-AK |
| JEREMY TUCKER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON**
**GEOVANNE COLON'S MOTION FOR DEFAULT JUDGMENT**

**ANGEL KELLEY, D.J.**

On October 9, 2023, Plaintiff Geovanne Colon filed the instant suit against Defendant Jeremy Tucker, claiming breach of contract. For the following reasons, Mr. Colon's Motion for Default Judgment [Dkt. 25] is **GRANTED IN PART**.

**I.      BACKGROUND**

Mr. Colon alleged that in exchange for $100,000, which Mr. Tucker could use to invest, Mr. Colon would receive $5,500 every 39 days from Mr. Tucker until the parties mutually agreed to terminate the contract. As evidence of this agreement, Mr. Colon provided a signed Commercial Promissory Note, dated July 12, 2019. Of note, the signed agreement simply stated that Mr. Colon would provide $100,000 in exchange for $5,500 of interest.

Despite some late payments, Mr. Colon received eight payments in accordance with the agreement, totally $44,000, before Mr. Tucker ceased communication and stopped any payment, leading to the filing of the instant suit. Following filing and proper service, Mr. Tucker failed to make an appearance or respond to the allegations. The Court granted a Motion for Entry of

Default on May 3, 2024 [Dkt. 8], and subsequently held a hearing on Mr. Colon's Motion for Default Judgment [Dkts. 12, 21]. At this hearing, for which Mr. Tucker failed to appear, the Court determined that Mr. Colon had provided insufficient documentation to justify his damages calculation and thus directed Mr. Colon to file an updated Motion for Default Judgment with additional documentation, which was done on February 24, 2025. [Dkt. 25]. Mr. Tucker again failed to respond.

A second hearing was held on April 9, 2025, which Mr. Tucker did not attend, after which the Court took the matter under advisement.

## II. DISCUSSION

While there is insufficient evidence to support Mr. Colon's damages calculation, the Court does find that sufficient evidence was provided justifying an award of damages. As explained above and confirmed with bank statements, Mr. Colon provided Mr. Tucker $100,000 and received $44,000 in return. Thus, the Court first finds that Mr. Colon should be made whole for his initial investment, resulting in a damages award of $56,000. From there, the Court finds it appropriate to recognize Mr. Colon's lost opportunity to otherwise invest the funds, or the opportunity cost of the investment. Based on the contract and statements provided to the Court, it is appropriate to award Mr. Colon $5,500 per annum, from the date of the contract, July 19, 2019, to the date of this Order, April 15, 2025, totaling $31,613.70. In addition to the original $56,000, the damages total $87,613.70.

The Court also finds it appropriate to grant the requested attorney's fees of $5,000, resulting in a total judgment of $92,613.70, with no prejudgment interest. The total judgment shall be subject to post-judgment interest at the rate set by 28 U.S.C. § 1961.

### III. CONCLUSION

For the foregoing reasons, Mr. Colon's Motion for Default Judgment [Dkt. 25] is **GRANTED IN PART**.

**SO ORDERED.**

Dated: April 15, 2025                                     /s/ Angel Kelley
                                                                         Hon. Angel Kelley
                                                                         United States District Judge